UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FERNANDO FIGUEROA-ESPANA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Cause No. 1:09-cv-395-WTL-DKL <br> IP06-cr-48-1-H/F |

**ENTRY DENYING MOTION TO VACATE OR SET ASIDE JUDGMENT PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

This cause is before the Court on the motion to vacate or set aside judgment pursuant to 28 U.S.C. § 2255 filed by the Petitioner Fernando Figueroa-Espana. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.[1] This Court further finds that a certificate of appealability should not issue.

## I. BACKGROUND

Figueroa-Espana is currently serving the executed portion of a sentence imposed by Judge David F. Hamilton after Figueroa-Espana entered a plea of guilty to one count of possession with intent to distribute five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). On November 21, 2006, a sentencing hearing was conducted. At that hearing, the Court determined that Figueroa's total offense level was 34 and that his criminal history category was I, resulting in an advisory sentencing guidelines imprisonment range of 151 to 188 months. Transcript at 138. The Court

---

[1] Figueroa-Espana was given until July 28, 2009 to file a reply in support of his motion (dkt. no. 8). He did not file a reply.

sentenced Figueroa to a term of imprisonment of 176 months, to be followed by five years of supervised release. Figueroa was also assessed the mandatory assessment of $100. Figueroa appealed his conviction and his sentence to the Seventh Circuit. *See United States v. Figueroa-Espana*, 511 F.3d 696 (7th Cir. 2007). That appeal proved unsuccessful, and, on December 28, 2007, the Seventh Circuit affirmed Figueroa's conviction and sentence. *Id*. Figueroa did not seek certiorari to the Supreme Court of the United States of America. Accordingly, Figueroa-Espana's conviction became final on March 27, 2008.

Figueroa-Espana now seeks relief pursuant to 28 U.S.C. § 2255. In short, Figueroa-Espana argues that he is entitled to a shorter sentence because: (1) his sentence was improperly calculated because he should have received a two level reduction for his acceptance of responsibility; (2) his sentence is disproportionate; and (3) his appellate counsel was ineffective.

## II.   STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See e.g., Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow and limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). "Section 2255 is not a way to advance arguments that could have been presented earlier—especially not when the arguments rest entirely on a statute." *Young v. United States,* 124 F.3d 794, 796 (7th Cir. 1997).

2

### III. DISCUSSION

#### A. Sentence Calculation and Proportionality

Figueroa-Espana asserts first that the district court erroneously enhanced his sentencing guideline offense level (based upon Figueroa-Espana's untruthful suppression hearing testimony and misstatements of fact set forth in an affidavit related to that hearing) and additionally erred when it failed to grant him a two level reduction for acceptance of responsibility.

"[A] district court cannot reach the merits of an appealable issue in a § 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

> An issue not raised on direct appeal is barred from collateral review absent a showing of good cause for the failure to raise those claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); see also *Sandoval v. U.S.*, 574 F.3d 847, 850 (7th Cir. 2009). "The failure of a petitioner to establish either cause or prejudice requires dismissal of his [or her] . . . petition." *Salberg v. United States*, 969 F.2d 379, 381 (7th Cir. 1992). A sentencing error may be raised by a defendant in a direct appeal. Figueroa-Espana, however, did not assert that his sentence was improperly calculated or disproportionate in his direct appeal. Furthermore, Figueroa-Espana has not shown good cause for his failure to raise such claims. Consequently, Figueroa-Espana's claims related to the calculation of his sentence are procedurally defaulted and barred from collateral review. See *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

Additionally, Section 2255 relief is generally reserved for issues of a constitutional magnitude or nature. *Prewitt v. United States*, 83 F.3d at 816; *Theodorou*, 887 F.2d at 1338 n.2.

Errors in the application of the Sentencing Guidelines, even if established, do not give rise to a constitutional issue that would authorize relief pursuant to 28 U.S.C. § 2255. *See Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998) (quoting *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994)) ("'A district court's technical application of the guidelines does not give rise to a constitutional issue.'"); *see also United States ex rel. Moses v. Gilmore*, 876 F. Supp. 179, 183 (N.D. Ill. 1995).

Notwithstanding the foregoing, there is no error in the sentence imposed by the Court in this case. The sentence (of 176 months imprisonment) was within the statutory range and the advisory guidelines. Transcript at 137. The Court based its sentence upon "the defendant's criminal conduct, his illegal residence and entrance into the United States, his untruthful statements in his affidavit and in his Court testimony during the suppression hearing, and [the sentence] also includes a minor adjustment for the fact that he chose to plead guilty." Transcript at 142. Prior to sentencing, the Court specifically addressed the "untruthful statements" Figueroa-Espana made in his affidavit and at the hearing:

> Mr. Figueroa–Espana, in this kind of situation, it would be possible for you—it would have been possible for you to tell the truth what you were doing [sic], tell the truth and get a downward adjustment in the safety valve. If you had done that, you would be looking at a sentencing range on the order of 70 to 87 months, less than half the sentence I'm imposing in this case.
>
> Those provisions in the Sentencing Guidelines recognize that a person can make a mistake, but can then decide to do the right thing to make up for that mistake. When they do, there's a pretty good chance they will not get into trouble again. This is at least the premise of the sentencing policies.
>
> But you made a very different choice in this case. You lied to the police. You moved to suppress evidence. You lied about what happened then. You did so in your affidavit and in court. The result is that your sentence is several years above the mandatory minimum sentence, but that's based on the choices that you made.

*Figueroa-Espana*, 511 F.3d at 706; Transcript at 146–47. The Seventh Circuit affirmed that the district court properly considered Figueroa-Espana's lies in imposing his sentence. *Id*. at 706-707. Those lies justified a two level enhancement for obstruction of justice and the denial of a two level reduction for acceptance of responsibility. The Court appropriately considered and applied the factors enumerated in 18 U.S.C. § 3553(a) in fashioning its sentence. Transcript at 145.

Finally, Figueroa-Espana's assertion that his sentence was disproportionate is without merit and is summarily rejected. As previously noted, Figueroa-Espana was sentenced within the relevant statutory and guideline provisions and his sentence was appropriate in light of the facts.

### B.  Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel need not be raised on direct appeal and constitute an exception to the general rule of procedural default. *Massaro v. United States*, 538 U.S. 500 (2003). "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel–that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009) (quotations and citations omitted). The right to the effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This standard is often referred to as the "*Strickland* test."

Claims of ineffective assistance of appellate counsel are also subject to the *Strickland* analysis. *Howard v. Gramley,* 225 F.3d 784, 789-90 (7th Cir. Cir. 2000). To prevail on a claim of ineffective assistance of appellate counsel, Figueroa-Espana must show that his appellate

counsel's performance was "unreasonably deficient" and that this inadequacy resulted in prejudice. *Id.* at 790. On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was incompetent. *See id.* As to the prejudice prong, the petitioner must show "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal" if the claim had been presented to the appellate court. *Howard,* 225 F.3d at 789-90.

Figueroa-Espana argues that his appellate counsel was ineffective because he failed to appeal the two level enhancement for obstruction of justice and the denial of the two level reduction for acceptance of responsibility. He maintains that it was not reasonable for his counsel to fail to appeal these sentencing issues. Figueroa-Espana conclusively argues that if his counsel had appealed these issues, he would have been entitled to a sentence in the range of 121-151 months, instead of the actually imposed sentence of 176 months. Figueroa-Espana's arguments, however, are not supported by the evidence.

On appeal, Figueroa-Espana's counsel challenged his client's conviction and sentence on suppression grounds. In the present motion, Figueroa-Espana has not identified a significant or obvious issue that is stronger than those asserted by his appellate counsel during his direct appeal. Furthermore, Figueroa-Espana has not shown that there is a reasonable probability that his sentence would have been modified on appeal had his appellate counsel challenged the

calculation or proportionality of his sentence. Accordingly, Figueroa-Espansa is unable to satisfy the *Strickland* test.

## IV.     CONCLUSION

For the foregoing reasons, Figueroa-Espana's motion to vacate or set aside judgment pursuant to 28 U.S.C. § 2255 is **DENIED**.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Figueroa-Espana has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore also **DENIES** a certificate of appealability as to the instant claims.

SO ORDERED: 02/08/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by US Mail to:**

**Fernando Figueroa-Espana**
**08151-028**
**Fort Dix Federal Correctional Institution**
**Inmate Mail/Parcels**
**P.O. Box 2000**
**Fort Dix, NJ 08640**

Copies to all counsel of record via electronic communication.